**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STUART L. STEIN,

     Plaintiff - Appellant,

v.

STATE OF NEW MEXICO; BARBARA
J. VIGIL, Chief Justice; PETRA JIMENEZ
MAES, Justice; JUDITH K.
NAKAMURA, Justice; EDWARD L.
CHAVEZ, Justice; CHARLES W.
DANIELS, Justice,

     Defendants - Appellees.

No. 16-2114
(D.C. No. 1:15-CV-00776-WJ-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.
_____

    Stuart L. Stein, pro se, appeals from the district court's order dismissing his

complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[1]

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Stein is a disbarred lawyer who previously maintained an estate planning practice in New Mexico, which included guardianship and conservatorship cases. He filed suit seeking a declaration that two New Mexico statutes and a court rule regarding the sealing of certain records in guardianship and conservatorship proceedings violated his First Amendment rights. In particular, Mr. Stein challenged N.M. Stat. Ann. §§ 45-5-303(I) & 45-5-407(M) and N.M.R.A. 1-079(C). According to Mr. Stein, he also feared "prosecution" under 1-079(J), which provides that any person who knowingly discloses any material from a sealed record may be held in contempt of court.

On April 29, 2016, the district court issued a memorandum opinion and order in which it dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Mr. Stein lacked standing to assert his claims, and alternatively, that the

---

[1] Mr. Stein also appeals from the district court's denial of his amended motion for a preliminary injunction. Because we agree with the court that it lacked subject matter jurisdiction, his appeal of this issue is moot. Also, Mr. Stein appeals the court's denial of his motion to recuse, and asks this court to reassign the case on remand. *See* Aplt. Opening Br. at 46 ("The Court of Appeals should reverse the [order denying the motion to recuse] . . . and when returned to the District Court, instruct the clerk to assign the case to a District Judge who has never served in a New Mexico state judge position prior to elevation to the federal bench"). However, our conclusion that the court lacks subject matter jurisdiction also renders the recusal issue moot. Issues are moot where they do not pertain to or otherwise affect our decision to affirm the district court's dismissal on the lack of subject matter jurisdiction. *See Kaw Nation v. Springer*, 341 F.3d 1186, 1187 (10th Cir. 2003) (declining to decide issues that do not affect the outcome of a dispute); *Tonkovich v. Kan. Bd. of Regents*, 254 F.3d 941, 946 (10th Cir. 2001) (where this court affirms dismissal of the complaint, a motion to recuse on remand is moot).

complaint failed to state claims pursuant to Fed. R. Civ. P. 12(b)(6). This appeal followed.[2]

The purpose of Mr. Stein's suit was "to show the abuse suffered by wards and their families under the current system and to seek changes to assure fairness for himself and his family should he be subject to a guardianship or conservatorship in the future." Aplt. App. at 8. He claimed to have seen "activities in court on [guardianship and conservatorship] matters where Judges, attorneys, appointed guardians and conservators . . . acted against the best interests of the ward and his/her family and for their own best pecuniary or other interests and to cover up their own wrongful actions." *Id*. But according to Mr. Stein, he was afraid to speak out for fear of being "subject to contempt." *Id*. at 11. He also argued the need for unfettered access to all of the guardianship and conservatorship files in the New Mexico state courts to root out corruption in the system.

The district court concluded that Mr. Stein lacked Article III standing because he had not suffered an injury in fact. We agree.

To meet "the case-or-controversy requirement imposed by Article III of the Constitution," Mr. Stein must have standing. *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). *Id*. To meet this requirement, Mr. Stein "must demonstrate that

---

[2] Mr. Stein also sought relief on Equal Protection grounds as well. But because he has not raised this argument on appeal, it is abandoned. *See Tran v. Tr. of State Colleges in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

3

(1) he . . . has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Id*. (internal quotation marks omitted). "We review issues of standing de novo." *Id*. (internal quotation marks omitted).

"Because of the significance of First Amendment rights, the Supreme Court has enunciated other concerns that justify a lessening of prudential limitations on standing." *Id*. (internal quotation marks omitted). Still, "[a] plaintiff [such as Mr. Stein who is] bringing a facial challenge to a statute on First Amendment grounds, . . . must nonetheless establish an injury-in-fact sufficient to satisfy Article III's case-or-controversy requirement." *Id*. at 1267.

For Mr. Stein to establish an injury in fact, he must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural of hypothetical." *ACLU of N.M. v. Santillanes*, 546 F.3d 1313, 1318 (10th Cir. 2008) (internal quotation marks omitted). We agree with the district court that Mr. Stein failed to demonstrate a right of unfettered access to the guardianship and conservatorship files, or any threat of immediate harm. As such, Mr. Stein lacks standing.[3]

---

[3] Because Mr. Stein's lack of standing is fatal to his case, we need not address the district court's conclusion regarding his failure to state a claim for relief.

The judgment of the district court is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge